Michael J. Terhar [State Bar No. 89491]
Jonathan E. Hembree [State Bar No. 274051]
Carl J. Basile [State Bar No. 251267]
CUNNINGHAM SWAIM, LLP
2 North Lake Avenue, Suite 550
Pasadena, California 91101
Telephone:  (626) 765-3000
Facsimile:  (626) 765-3030
Email: mterhar@cunninghamswaim.com
Email: jhembree@cunninghamswaim.com
Email: cbasile@cunninghamswaim.com

Attorneys for Defendant,
ESTATE OF SUGATA DAS, deceased; and
SUJATA GUHAROY DAS, personal
Representative and administrator of the
ESTATE OF SUGATA DAS, deceased.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY EDEN KRUEGER, PHILLIP EUGENE KRUEGER, and LINDA ANN NUNN on their own behalf and on behalf of the ESTATE OF STEVEN KRUEGER, decedent,<br><br>        Plaintiffs,<br><br>    vs.<br><br>ESTATE OF SUGATA DAS, deceased; SUJATA GUHAROY DAS, personal representative and administrator of the ESTATE OF SUGATA DAS, deceased; SAMARTH AVIATION LLC, an Arizona limited liability company; SAMARTH INVESTMENT CO., L.L.C., an Arizona limited liability company; YUMA REGIONAL MEDICAL CENTER; DOES 1-50, inclusive,<br><br>        Defendants. | Case No. 3:22-cv-01862-CAB-AGS<br><br>**DEFENDANTS' ANSWER**<br><br>**DEMAND FOR JURY TRIAL** |

      Defendants, ESTATE OF SUGATA DAS, deceased ("The Estate"), and

SUJATA GUHAROY DAS, personal representative and administrator of the

611.1238

ESTATE OF SUGATA DAS, deceased ("Sujata"), (collectively referred to as "Defendants"), appearing by and through their counsel of record, answer the First Amended Complaint ("Complaint") of JEFFREY EDEN KRUEGER, PHILLIP EUGENE KRUEGER, and LINDA ANN NUNN on their own behalf and on behalf of the ESTATE OF STEVEN KRUEGER, decedent (collectively referred to as "Plaintiffs"), as follows and deny every allegation not given a specific response below:

## **INTRODUCTION**

1.      Answering paragraph 1 of the Complaint, Defendants lack information or knowledge sufficient to admit or deny the factual allegations in that paragraph and therefore deny them.

2.      Answering paragraph 2 of the Complaint, Defendants lack information or knowledge sufficient to admit or deny the factual allegations in that paragraph and therefore deny them.

## **INTRODUCTION**

3.      Answering paragraph 3 of the Complaint, Defendants lack information or knowledge sufficient to admit or deny the factual allegations in that paragraph and therefore deny them.

4.      Answering paragraph 4 of the Complaint, Defendants lack information or knowledge sufficient to admit or deny the factual allegations in that paragraph and therefore deny them.

5.      Answering paragraph 5 of the Complaint, Defendants lack information or knowledge sufficient to admit or deny the factual allegations in that paragraph and therefore deny them.

6.      Answering paragraph 6 of the Complaint, Defendants lack information or knowledge sufficient to admit or deny the factual allegations in that paragraph and therefore deny them.

/ / /

DEFENDANTS' ANSWER AND DEMAND FOR JURY TRIAL

611.1238

7.     Answering paragraph 7 of the Complaint, Defendants admit that SAMARTH AVIATION LLC is an Arizona limited liability company and that the aircraft was registered to SAMARTH AVIATION LLC.  Defendants deny the remaining allegations therein.

8.     Answering paragraph 8 of the Complaint, Defendants admit that SAMARTH INVESTMENT CO., L.L.C. is an Arizona limited liability company. Defendants deny the remaining allegations therein.

9.     Answering paragraph 9 of the Complaint, Defendants admit that SUJATA GUHAROY DAS is the personal representative and administrator of Defendant ESTATE OF SUGATA DAS, deceased. Defendants deny the remaining allegations therein.  Defendants affirmatively allege that Sugata Das was a resident of Arizona.

10.    Answering paragraph 10 of the Complaint, Defendants lack information or knowledge sufficient to admit or deny the factual allegations in that paragraph and therefore deny them.

11.    Answering paragraph 11 of the Complaint, Defendants lack information or knowledge sufficient to admit or deny the factual allegations in that paragraph and therefore deny them.

12.    Answering paragraph 12 of the Complaint, Defendants deny the allegations therein.

13.    Answering paragraph 13 of the Complaint, Defendants lack information or knowledge sufficient to admit or deny the factual allegations in that paragraph and therefore deny them.

14.    Answering paragraph 14 of the Complaint, Defendants deny the allegations therein.

15.    Answering paragraph 15 of the Complaint, Defendants deny the allegations therein.

/ / /

611.1238

16.     Answering paragraph 16 of the Complaint, Defendants deny the allegations therein.

## FIRST CAUSE OF ACTION FOR NEGLIGENCE

17.     Answering paragraph 17 of the Complaint, Defendants incorporate the denials and admissions set forth in paragraphs 1 through 16 as though fully set forth herein.

18.     Answering paragraph 18 of the Complaint, Defendants deny the allegations therein.

19.     Answering paragraph 19 of the Complaint, Defendants deny the allegations therein.

20.     Answering paragraph 20 of the Complaint, Defendants deny the allegations therein.

21.     Answering paragraph 21 of the Complaint, Defendants deny the allegations therein.

22.     Answering paragraph 22 of the Complaint, Defendants deny the allegations therein.

23.     Answering paragraph 23 of the Complaint, Defendants deny the allegations therein.

24.     Answering paragraph 24 of the Complaint, Defendants deny the allegations therein.

25.     Answering paragraph 25 of the Complaint, Defendants deny the allegations therein.

## PRAYER FOR RELIEF

26.     Answering the Prayer for Relief in the Complaint and subparagraphs 1 through 10 therein, Defendants deny that Plaintiffs are entitled to any of the relief requested or to any relief whatsoever against Defendants.

27.     Defendants deny all allegations in the Complaint not specifically admitted.

611.1238

# **AFFIRMATIVE DEFENSES**

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a first, separate, and distinct affirmative defense, Plaintiffs' Complaint, and each cause of action contained therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

As a second, separate, and distinct affirmative defense, Plaintiffs' Complaint, and each cause of action contained therein, is barred in whole or in part by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

As a third, separate, and distinct affirmative defense, Plaintiffs' Complaint, and each cause of action contained therein, is barred in whole or in part by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Negligence of Others)

As a fourth, separate, and distinct affirmative defense, the accident, injuries or damages alleged herein were either wholly or in part proximately caused by the negligence or other culpable conduct of persons, firms, corporations or entities other than Defendants and the negligence of such other persons, firms, corporations or entities comparatively reduces the percentage of negligence, if any, attributable to Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a fifth, separate, and distinct affirmative defense, Plaintiffs have failed to mitigate their damages.

611.1238

1  SIXTH AFFIRMATIVE DEFENSE

2  (Lack of Standing)

3  As a sixth, separate, and distinct affirmative defense, Plaintiffs lack standing to

4  bring suit as they are not the real party-in-interest for all or a portion of the damages

5  claimed.

6  SEVENTH AFFIRMATIVE DEFENSE

7  (Cal. Probate Code Sections 550-555)

8  As a seventh, separate, and distinct affirmative defense, Plaintiffs' recovery, if

9  any, is limited by California *Probate Code* sections 550 through 555, et seq.

10  EIGHTH AFFIRMATIVE DEFENSE

11  (Arizona Rev. Stat. Sections 14-3801, et seq.)

12  As an eighth, separate, and distinct affirmative defense, Plaintiffs' recovery, if

13  any, is limited by Arizona *Revised Statutes* sections 14-3801, et seq.

14  NINTH AFFIRMATIVE DEFENSE

15  (Failure to Make A Timely Claim – Cal. Probate Code Section 9390)

16  As a ninth, separate, and distinct affirmative defense, Plaintiffs' Complaint,

17  and each cause of action contained therein, is barred in whole or in part by Plaintiffs'

18  failure to make a timely claim pursuant to California *Probate Code* section 9390, et

19  seq.

20  TENTH AFFIRMATIVE DEFENSE

21  (Failure to Make A Timely Claim – Arizona Rev. Stat. Sections 14-3801, et seq.)

22  As a tenth, separate, and distinct affirmative defense, Plaintiffs' Complaint,

23  and each cause of action contained therein, is barred in whole or in part by Plaintiffs'

24  failure to make a timely claim pursuant to Arizona *Revised Statutes* sections 14-

25  3801, et seq.

26  / / /

27  / / /

28  / / /

611.1238

1  ELEVENTH AFFIRMATIVE DEFENSE

2  (Failure to Allege Violation of FAR)

3       As an eleventh, separate, and distinct affirmative defense, Plaintiffs'

4  Complaint, and each cause of action contained therein, is barred in whole or in part

5  by Plaintiffs' failure to state a cause of action as it fails to allege any violation of a

6  Federal Aviation Regulation.

7  TWELFTH AFFIRMATIVE DEFENSE

8  (Defendants Complied With All Applicable Federal Statutes)

9       As a twelfth, separate, and distinct affirmative defense, these answering

10  Defendants allege that they complied with all applicable federal statutes including

11  the Federal Aviation Regulations' requirements at all relevant times.

12  THIRTEENTH AFFIRMATIVE DEFENSE

13  (Claims Preempted By Federal Law)

14       As a thirteenth, separate, and distinct affirmative defense, these answering

15  Defendants allege plaintiffs' recovery, if any, should be reduced or barred by reason

16  of the fact that all or some of plaintiffs' claims are pre-empted by any applicable or

17  relevant Federal law.

18  FOURTEENTH AFFIRMATIVE DEFENSE

19  (Suit Cannot Be Maintained By Both The Estate And The Heirs)

20       As a fourteenth, separate, and distinct affirmative defense, these answering

21  Defendants allege that a wrongful death suit cannot be maintained by both the

22  personal representative of the estate and the individual heirs per *Adams v. Superior*

23  *Court* (2011) 196 Cal.App.4th 71, 77.

24  FIFTEENTH AFFIRMATIVE DEFENSE

25  (Failure To Join Indispensable Party)

26       As a fifteenth, separate, and distinct affirmative defense, these answering

27  Defendants allege that plaintiffs failed to join an indispensable party.

28  / / /

611.1238

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

(Reservation and Additional Defenses)

3    As a sixteenth, separate, and distinct affirmative defense, Defendants have not

4  yet had an opportunity to conduct discovery in this matter, and so as not to waive any

5  other applicable defenses set forth in Rules 8(c) and 12(b) of the Federal Rules of

6  Civil Procedure that may be shown to apply to future discovery in this matter, all

7  defenses set forth in Rules 8(c) and 12(b) are incorporated herein by reference.

8  Defendants further reserve the right to assert additional affirmative defenses as they

9  become evident through discovery or investigation, in accordance with the Federal

10 Rules of Civil Procedure and/or subsequent court order.

11 Dated:  December 5, 2022                    CUNNINGHAM SWAIM, LLP

12

13                                        By:  */s/ Michael Terhar*
                                               Michael J. Terhar
14                                             Jonathan E. Hembree
                                               Carl J. Basile
15                                             Attorneys for Defendants,
                                               ESTATE OF SUGATA DAS, deceased;
16                                             and SUJATA GUHAROY DAS, personal
                                               Representative and administrator of the
17                                             ESTATE OF SUGATA DAS, deceased.

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER AND DEMAND FOR JURY TRIAL

611.1238

## **DEMAND FOR JURY TRIAL**

Defendants, ESTATE OF SUGATA DAS, deceased, and SUJATA GUHAROY DAS, personal representative and administrator of the ESTATE OF SUGATA DAS, deceased, hereby demand a trial by jury.

Dated:  December 5, 2022                    CUNNINGHAM SWAIM, LLP


                                      By:  */s/ Michael Terhar*
                                           Michael J. Terhar
                                           Jonathan E. Hembree
                                           Carl J. Basile
                                           Attorneys for Defendants,
                                           ESTATE OF SUGATA DAS,
                                           deceased; and SUJATA GUHAROY
                                           DAS, personal Representative and
                                           administrator of the ESTATE OF
                                           SUGATA DAS, deceased.

DEFENDANTS' ANSWER AND DEMAND FOR JURY TRIAL

611.1238